UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Epson America, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Dongguanshishengxianzidianzishangwuyouxiangongsi d/b/a online reseller TMY or TMY Direct,<br><br>    Defendant. | Case No.: _____ |

# COMPLAINT

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of defendant Dongguanshishengxianzidianzishangwuyouxiangongsi d/b/a online reseller TMY or TMY Direct's ("TMY" or "Defendant") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. This is an action for unfair competition and false advertising arising under the Lanham Act, 15 U.S.C. § 1051, et seq. and violations of Massachusetts General Laws Chapter 93A. TMY's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

3. TMY is subject to personal jurisdiction in this forum because it misrepresented the nature of products to residents of the State of Massachusetts and this District; because TMY has caused injury to Epson's trademarks in the State of Massachusetts and this District; because TMY practices the unlawful conduct complained of herein, in part, within the State of Massachusetts and this District; because TMY regularly conducts or solicits business within the State of Massachusetts and this District; because TMY regularly and systematically directs electronic activity into the State of Massachusetts and this District with the manifest intent of engaging in business within the State of Massachusetts and this District, including the sale and/or offer for sale of products to Internet users within the State of Massachusetts and this District, as well as, upon information and belief, entry into contracts with residents of the State of Massachusetts and this District through the sale of items through various online retail platforms.

4. Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California. It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories. Epson has been a leading innovator in its field since it was founded in 1942.

6. Defendant TMY is an entity of unknown origin that uses the anonymity afforded by the internet to hide it true name. It sells, *inter alia*, projector products in the United States, including in Massachusetts, through online platforms such as amazon.com utilizing, *inter alia*, the seller name "TMY Direct" which has been assigned seller ID A33SFAELIQ23PY by amazon.com.

7. On its amazon profile page, Defendant lists its name as follows:

**Detailed Seller Information**

**Business Name:** dongguanshishengxianzidianzishangwuyouxiangongsi

8.  This action seeks redress for Defendant's deliberate and unlawful misleading representations regarding both the light output and the technology of its projectors. Specifically, Defendant uses false claims regarding the light output of its projectors in its product descriptions and advertising. Furthermore, the defendant uses misleading claims such as "3LCD color calibrating" regarding its projectors.

## FACTS

### A. Portable Consumer Projectors

9.  While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

10. Today, consumers use digital projectors in the same way as television or computer screens. Digital projectors receive video signals from external devices, such as computers and streaming devices, and "project" those signals onto a screen.

11. Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently mounted projectors for home theaters.

12. Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

13. As the name suggests, a projector uses light to "project" an image or moving images onto a large screen or surface.

14. The light projected by a projector onto a screen is referred to as the projector's light output. Light output is measured and described in lumens. The higher the lumen rating, the brighter the projector, and all else being equal, the more it will likely cost.

### B. Epson Projectors

15. Epson is recognized throughout the world and the United States as a leading projector manufacturer.

16. Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors. Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

17. Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available.

### C. Defendant's False Advertising of its Projectors

18. Defendant is a direct competitor of Epson in the portable consumer projector market. Defendant sells projectors to consumers throughout the United States via various online commerce sites including, but not limited to, amazon.com.

19. Defendant sells its projectors under various models including, but not limited to, TMY V08 (ASIN B082F13J55).

20.     On amazon.com, the TMY V08 projector is advertised with a brightness of "95000 lumen."





5

21.     As shown above, the above brightness value is prominently displayed in the listing page.

22.     To be clear, it is TMY that creates the pages found on amazon.com. It is TMY and not the retailer that inputs the product specification into these pages. It is TMY, not the retailer, that is placing the false product specifications into the stream of commerce.

23.     Throughout the product page, Defendant touts the brightness performance of its projector in its description of the product's performance.

24.     Defendant displays its brightness claim, recognizing the importance of brightness to a consumer. Indeed, brightness is the top specification used by a consumer when purchasing a projector.

25.     On Defendant's webpage – tmydirect.com – it again emphasizes the importance of a projector's brightness specification, setting forth the following:

> Who Are We?
>
> TMY is the leading brand in researching and producing projectors since 2020. After deep market investigation on our US customers, we started to develop this series of TMY projector and they are finally available to our customers now.
>
> What Do You Need?
>
> 1. Higher Brightness:
>
> Upon choosing a projector, it's highly important that the projector has enough brightness power. Unlike the other mini projectors on the market, TMY projector has much better ANSI light power and can be not only used in the dark environment or night, but also in the day with certain light conditions.

26.     Recognizing the importance of brightness and in order to gain initial traction in the United States projector marketplace, TMY inflates the brightness specification of its V08 projector in its online advertisements knowing that improperly enhancing the brightness specification will result in artificially higher sales of the falsely advertised projectors.

27.     Epson hired an independent third-party lab to test the brightness of TMY's V08 projector.

28.     The independent third-party lab determined the brightness of the V08 to be 95

lumens – which is 0.1% of the 95,000 lumen value advertised by TMY.

29. As shown by the independent third-party testing, TMY is significantly misrepresenting the light output of its projectors to consumers which causes confusion in the marketplace.

30. Moreover, on amazon.com, Defendant displays that TMY's V08 projector has "3LCD color calibrating and adjusting technology" that reproduces "more intricate color details than other mini projectors."

> **About this item**
> - 【Upgraded 1080P HD Video Projector】 To better meet your needs, we have upgraded the V08 home projector with our latest LED light source. The V08 small projector features a native 720P resolution (1280x720) with 1080P Full HD support. The latest 3LCD color calibrating and adjusting technology works to reproduce more intricate color details than other mini projectors, which presents our customers a dynamic and color vibrant 1080P HD projected image quality.

31. 3LCD is the brand name of a 3-chip LCD projection technology. Epson exclusively uses 3LCD in all their projectors.

32. TMY's V08 projector does not have 3LCD projection technology. Accordingly, TMY is falsely advertising that its V08 projector comes with 3LCD projection technology when its projectors in fact do not have this technology.

33. As a result of the above, purchasers of any of TMY's projectors are likely to be, and have actually been, misled by TMY's literally false product labeling, descriptions, and advertisements.

34. Upon information and belief, given their importance, TMY has used the false brightness specifications and the 3LCD color technology claims to entice consumers to purchase their projectors based upon these specifications and claims.

35. Consumers expect the represented product specifications to be accurate for TMY's projectors, as they base their purchasing decisions in large part on these representations. In fact,

consumers that purchase Defendant's projectors receive projectors with drastically lower brightness performance outputs and lesser technology.

36.     TMY's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Defendant's products over Epson's products.

37.     The natural, probable, and foreseeable result of TMY's wrongful conduct has been to cause confusion, deception, and mistake in the consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

38.     By means of example, after having a poor experience with TMY's projector with an improperly inflated lumen value of "95000 lumens," the consuming public is less likely to purchase a projector with an actual rating of 95000 lumens as consumers will be unaware that TMY's "95000 lumens" projector is representative of the performance of a 95-lumen projector rather than a true 95000 lumen projector. This causes irreparable harm to Epson as well as to the entire portable projector marketplace, potentially causing consumers to purchase, *inter alia*, flat screen televisions rather than projectors.

39.     Epson is informed and believes that TMY's wrongful conduct has resulted in increased sales and market share of TMY's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

40.     Epson has sustained and will continue to sustain irreparable damages as a result of TMY's wrongful conduct, unless enjoined.

## COUNT I
### False Advertising / Unfair Competition - Lanham Act

41. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements, regarding the light outputs and technology of its projectors - attributes important to a consumer's purchasing decision. These product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

43. Defendant's false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

44. Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

46. Defendant's actions are willful and done solely to improperly gain market share.

47. Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the damages sustained by Epson as a result of TMY's acts in violation of Section 43 of the Lanham Act.

48. Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

49. Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II
### Violation of G.L. c. 93A

50. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. G.L. c. 93A § 11 prohibits any unlawful, unfair, or deceptive business act or practice.

52. TMY's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or deceptive business acts and practices within the meaning of G.L. c. 93A § 11.

53. TMY's misconduct has a tendency and likelihood to deceive members of the public.

54. The foregoing acts and practices have caused substantial harm to Epson.

55. As a direct and proximate cause of the unlawful, unfair, and deceptive acts and practices of TMY, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

56. TMY's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury.

## RELIEF REQUESTED

WHEREFORE, Epson respectfully requests that this Court:

1. For temporary, preliminary, and permanent injunctive relief prohibiting TMY, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of TMY to sell its falsely advertised products, from engaging in false or misleading advertising with respect to its projector products, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all TMY's products from online commerce sites, such as, but not limited to, amazon.com, until such a time as TMY can correct its false or misleading advertisements;

2. For an order requiring TMY to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of TMY's projectors, including without limitation, the placement of corrective advertising and providing written notice to the public and its prior customers of the correct brightness;

3. That TMY be adjudged to have violated 15 U.S.C. § 1125(a) and G.L. c. 93A § 11 by unfairly competing against Epson by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, and characteristics of Defendant's projectors;

4. That Epson be awarded damages it has sustained in consequence of Defendant's conduct including, but not limited to, its loss of market share;

5. That Epson be awarded Defendant's profits obtained by Defendant as a consequence of its conduct;

11

6. That such damages and profits be trebled and awarded to Epson as a result of Defendant's willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

7. That Epson be awarded exemplary and punitive damages;

8. That Epson recover its costs and reasonable attorneys' fees;

9. That all of Defendant's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

10. That Epson be granted prejudgment and post judgment interest; and

11. That Epson be awarded such further relief as the Court deems just and proper.

## JURY TRIAL CLAIM

Epson claims a trial by jury on all issues so triable.

Dated:    January 2, 2025

                                                    Respectfully submitted,


                                                    */s/ Morgan Nickerson*
                                                    Morgan T. Nickerson (BBO #667290)
                                                    morgan.nickerson@klgates.com
                                                    K&L Gates LLP
                                                    One Congress Street
                                                    Suite 2900
                                                    Boston, MA 02114
                                                    (617) 261-3100
                                                    (617) 261-3175

                                                    *Attorney for Epson America, Inc.*